**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

THE LINCOLN ELECTRIC COMPANY, and
LINCOLN GLOBAL, INC.,

      Plaintiffs,

v.

THE ESAB GROUP, INC., and ESAB AB,

      Defendants.

Civil Action No.:  2:15-cv-1404

**JURY TRIAL REQUESTED**

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

   The Lincoln Electric Company and Lincoln Global, Inc. (collectively "Lincoln Electric" and "Plaintiffs"), by and through their counsel, for this Second Amended Complaint against The ESAB Group, Inc. and ESAB AB (collectively "ESAB" and "Defendants") state as follows:

## THE PARTIES

   1. The Lincoln Electric Company is a corporation organized and existing under the laws of Ohio, having its principal place of business at 22801 St. Clair Avenue, Cleveland, Ohio 44117-1199.  The Lincoln Electric Company is registered to do business in the State of Texas.

   2. Lincoln Global, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 17721 Railroad Street, City of Industry, California 91748.  Lincoln Global, Inc. is the registered owner of the Patents-in-Suit, as described below.

   3. Upon information and belief, defendant The ESAB Group, Inc. is a company organized under the laws of the State of Delaware, having its principal place of business at 411

South Ebenezer Rd., Florence, South Carolina 29501.  The ESAB Group, Inc. is registered to do business in the State of Texas.

4.      Upon information and belief, defendant ESAB AB is a corporation existing under the laws of Sweden with a principal place of business at Box 8004, Lindholmsallén 9, Göteborg, S-402 77, Sweden.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a).

6.      This Court has personal jurisdiction over The ESAB Group, Inc. and ESAB AB. Both have conducted extensive commercial activities and continue to conduct business within the State of Texas.  The ESAB Group, Inc. is registered to do business in the State of Texas and has sales, manufacturing, finance, accounting, customer service, and training offices located in Denton, Texas.  ESAB AB manufactures, causes to be manufactured, or certifies products that are purposefully directed into the State of Texas and the Eastern District of Texas for sale by The ESAB Group, Inc. or other subsidiaries or agents of ESAB AB.  Defendants, directly or through intermediaries, manufacture, ship, distribute, offer for sale, support, or advertise their products (including, but not limited to, the products and services that are accused of infringement in this lawsuit) in the United States, the State of Texas, and the Eastern District of Texas.

7.      Defendants, directly or through intermediaries, have purposefully and voluntarily placed one or more of their products and services (including, but not limited to, the products and services that are accused of infringement in this lawsuit) into the stream of commerce in the Eastern District of Texas and elsewhere, including without limitation from and through ESAB's

website, http://www.esabna.com, other retail websites, and from and through ESAB's distribution network.  Defendants place such products and services into the stream of commerce with the expectation that the products and services will be purchased by customers in Texas, including in the Eastern District of Texas.  These infringing products and services have been and continue to be purchased by customers in the Eastern District of Texas.  Accordingly, Defendants have committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas as alleged below.

8.      Venue is proper because Defendants are subject to personal jurisdiction in this District and because the requirements of 28 U.S.C. §§ 1391 and 1400(b) have been satisfied. Upon information and belief, The ESAB Group, Inc. has a regular and established place of business in Denton, Texas, and Defendants have committed acts of infringement throughout the State of Texas, and within the Eastern District of Texas.

## PLAINTIFFS AND THEIR INTELLECTUAL PROPERTY RIGHTS

9.      The Lincoln Electric Company is the worldwide leader in the production of welding equipment and related accessories and products.  Founded in 1895 by John C. Lincoln, The Lincoln Electric Company was incorporated under the laws of the State of Ohio in 1906.  In 1998, The Lincoln Electric Company reorganized into a holding company structure, and Lincoln Electric Holdings, Inc. became the publicly-held parent of Lincoln Electric subsidiaries worldwide, including The Lincoln Electric Company and Lincoln Global, Inc.  As of 2014, Lincoln Electric Holdings, Inc. was listed as 758 among the Fortune 1000 companies.

10.    Lincoln Electric is a full-line manufacturer and reseller of welding and cutting products, including arc welding power sources, wire feeding systems, robotic welding packages, fume extraction equipment, welding consumables, and plasma cutting systems.

11.     Lincoln Global, Inc. was formed to own the extensive intellectual property portfolio developed by Lincoln Electric.   Lincoln Global, Inc. possesses extensive technical information and know-how relating to the development, manufacture, and sale of welding products, welding consumable and supplies, and is the owner of a large portfolio of intellectual property, including certain patents, patent applications, trademarks, trademark applications and trade dress relating to welding products and consumables, including bulk welding wire packaging.

12.     The Lincoln Electric Company is the exclusive licensee of the Patents-in-Suit, which are owned by Lincoln Global, Inc.  Lincoln Global, Inc. owns all right, title and interest in the Patents-in-Suit.

## THE PATENTS-IN-SUIT

13.     This lawsuit asserts causes of action for infringement of United States Patent Nos. 6,051,810 ("the '810 Patent"); 6,111,216 ("the '216 Patent"); 6,472,634 ("the '634 Patent"); 6,489,592 ("the '592 Patent"); 6,660,966 ("the '966 Patent"); 7,053,334 ("the '334 Patent"); 7,060,935 ("the '935 Patent"); 7,091,446 ("the '446 Patent"); 7,148,449 ("the '449 Patent"); and 7,282,668 ("the '668 Patent") (collectively, the "Patents-in-Suit").   Based on assignment agreements from the inventors, Lincoln Global, Inc. is the owner of the Patents-in-Suit.

### United States Patent No. 6,051,810

14.     On April 18, 2000, the United States Patent and Trademark Office duly and legally issued the '810 Patent entitled "Short Circuit Welder" after a full and fair examination.  A true and correct copy of the '810 Patent is attached to this Complaint as Exhibit A.

15.     Lincoln Global, Inc. is the owner of the entire right, title, and interest in and to the '810 Patent by assignment, and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement, including against ESAB.

### United States Patent No. 6,111,216

16.     On August 29, 2000, the United States Patent and Trademark Office duly and legally issued the '216 Patent entitled "High Current Welding Power Supply" after a full and fair examination.  A true and correct copy of the '216 Patent is attached to this Complaint as Exhibit B.

17.     Lincoln Global, Inc. is the owner of the entire right, title, and interest in and to the '216 Patent by assignment, and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement, including against ESAB.

### United States Patent No. 6,472,634

18.     On October 29, 2002, the United States Patent and Trademark Office duly and legally issued the '634 Patent entitled "Electric Arc Welding System" after a full and fair examination.  A true and correct copy of the '634 Patent is attached to this Complaint as Exhibit C.

19.     Lincoln Global, Inc. is the owner of the entire right, title, and interest in and to the '634 Patent by assignment, and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement, including against ESAB.

### United States Patent No. 6,489,592

20.     On December 3, 2002, the United States Patent and Trademark Office duly and legally issued the '592 Patent entitled "Tandem Electrode Welder and Method of Welding with

Two Electrodes" after a full and fair examination.  A true and correct copy of the '592 Patent is attached to this Complaint as Exhibit D.

21.     Lincoln Global, Inc. is the owner of the entire right, title, and interest in and to the '592 Patent by assignment, and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement, including against ESAB.

## United States Patent No. 6,660,966

22.     On December 9, 2003, the United States Patent and Trademark Office duly and legally issued the '966 Patent entitled "Electric Arc Welding System" after a full and fair examination.  A true and correct copy of the '966 Patent is attached to this Complaint as Exhibit E.

23.     Lincoln Global, Inc. is the owner of the entire right, title, and interest in and to the '966 Patent by assignment, and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement, including against ESAB.

## United States Patent No. 7,053,334

24.     On May 30, 2006, the United States Patent and Trademark Office duly and legally issued the '334 Patent entitled "Electric Arc Welder System with Waveform Profile Control" after a full and fair examination.  A true and correct copy of the '334 Patent is attached to this Complaint as Exhibit F.

25.     Lincoln Global, Inc. is the owner of the entire right, title, and interest in and to the '334 Patent by assignment, and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement, including against ESAB.

## United States Patent No. 7,060,935

26.     On June 13, 2006, the United States Patent and Trademark Office duly and legally issued the '935 Patent entitled "Power Supply for Electric Arc Welding" after a full and fair examination.  A true and correct copy of the '935 Patent is attached to this Complaint as Exhibit G.

27.     Lincoln Global, Inc. is the owner of the entire right, title, and interest in and to the '935 Patent by assignment, and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement, including against ESAB.

**United States Patent No. 7,091,446**

28.     On August 15, 2006, the United States Patent and Trademark Office duly and legally issued the '446 Patent entitled "Electric Arc Welding System" after a full and fair examination.  A true and correct copy of the '446 Patent is attached to this Complaint as Exhibit H.

29.     Lincoln Global, Inc. is the owner of the entire right, title, and interest in and to the '446 Patent by assignment, and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement, including against ESAB.

**United States Patent No. 7,148,449**

30.     On December 12, 2006, the United States Patent and Trademark Office duly and legally issued the '449 Patent entitled "Electric Arc Welding System" after a full and fair examination.  A true and correct copy of the '449 Patent is attached to this Complaint as Exhibit I.

31.     Lincoln Global, Inc. is the owner of the entire right, title, and interest in and to the '449 Patent by assignment, and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement, including against ESAB.

**United States Patent No. 7,282,668**

32.     On October 16, 2007, the United States Patent and Trademark Office duly and legally issued the '668 Patent entitled "Electric Arc Welding System" after a full and fair examination.  A true and correct copy of the '668 Patent is attached to this Complaint as Exhibit J.

33.     Lincoln Global, Inc. is the owner of the entire right, title, and interest in and to the '668 Patent by assignment, and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement, including against ESAB.

## DEFENDANTS' INFRINGING ACTIVITIES

34.     Defendants have directly infringed one or more claims of the Patents-in-Suit by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, certain submerged arc welding power supplies and accessories, including, for example, the ARISTO 1000 AC/DC SAW power supply and associated accessories ("the Infringing Products.")  For example and without limitation, the associated accessories include one or more of a PEK control unit, GMH joint tracking unit, PAV control unit for motorized slides, A6 Mastertrac welding automat, A6 welding head, flux recovery units, and cables.

35.     Defendants have contributorily infringed and continue to contributorily infringe the Patents-in-Suit in this District and elsewhere in the United States by their manufacture, importation, sale, offering for sale, or use of the Infringing Products.

36.     Defendants have induced infringement and continue to induce infringement of the Patents-in-Suit in this District and elsewhere in the United States by providing instructions, training, or otherwise inducing Defendants' customers to infringe the Patents-in-Suit.

37.     In addition to Plaintiffs' allegations provided in Counts I through X below, Plaintiffs have provided details of Defendants' infringement of the Patents-in-Suit in Plaintiffs' P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions, which was served on The ESAB Group, Inc. on November 24, 2015 ("Infringement Contentions").   The Infringement Contentions set forth the details of Plaintiffs' infringement allegations against Defendants in connection with the Patents-in-Suit, including, among other things, each claim that Plaintiffs allege is infringed; separately for each asserted claim the instrumentalities Plaintiffs accuse of infringement; a chart identifying specifically where each limitation of each asserted claim is found within each accused instrumentality; the extent to which Plaintiffs allege direct and indirect infringement; the extent to which Plaintiffs allege the infringement is literal or based on the doctrine of equivalents; the priority date to which Plaintiffs believe each claim is entitled; and other information regarding Defendants' infringement of the Patents-in-Suit.

## COUNT I

### Infringement of U.S. Patent No. 6,051,810

38.     Plaintiffs refer to and incorporate herein the allegations of paragraphs 1 through 37 above.

39.     Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claims 36-37, 40-41, 43, 50-51, and 53 of the '810 Patent ("Asserted Claims of the '810 Patent") by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products. Defendants are therefore liable for direct infringement of the '810 Patent pursuant to 35 U.S.C. § 271(a).

40.     Defendants have induced infringement, either literally or under the doctrine of equivalents, of one or more of the Asserted Claims of the '810 Patent by providing instructions, training, or otherwise inducing Defendants' customers to infringe the '810 Patent through the customers' use and operation of the Infringing Products.  Defendants are liable for inducement of infringement of the '810 Patent pursuant to 35 U.S.C. § 271(b).

41.     Defendants have contributorily infringed and continue to contributorily infringe, either literally or under the doctrine of equivalents, one or more of the Asserted Claims of the '810 Patent by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for contributory infringement of the '810 Patent pursuant to 35 U.S.C. § 271(c).

42.     Plaintiffs have suffered and continue to suffer damages as a result of Defendants' infringement of the '810 Patent.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to recover damages in an amount that is no less than a reasonable royalty from Defendants for their infringing acts.

43.     Unless Defendants are enjoined from further infringement of the '810 Patent, Defendants' infringement will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law.

## COUNT II

### Infringement of U.S. Patent No. 6,111,216

44.     Plaintiffs refer to and incorporate herein the allegations of paragraphs 1 through 43 above.

45.     Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claims 4, 6-7, 13-14, and 51 of the '216 Patent

("Asserted Claims of the '216 Patent") by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for direct infringement of the '216 Patent pursuant to 35 U.S.C. § 271(a).

46.     Defendants have induced infringement, either literally or under the doctrine of equivalents, of one or more of the Asserted Claims of the '216 Patent by providing instructions, training, or otherwise inducing Defendants' customers to infringe the '216 Patent through the customers' use and operation of the Infringing Products.  Defendants are liable for inducement of infringement of the '216 Patent pursuant to 35 U.S.C. § 271(b).

47.     Defendants have contributorily infringed and continue to contributorily infringe, either literally or under the doctrine of equivalents, one or more of the Asserted Claims of the '216 Patent by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for contributory infringement of the '216 Patent pursuant to 35 U.S.C. § 271(c).

48.     Plaintiffs have suffered and continue to suffer damages as a result of Defendants' infringement of the '216 Patent.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to recover damages in an amount that is no less than a reasonable royalty from Defendants for their infringing acts.

49.     Unless Defendants are enjoined from further infringement of the '216 Patent, Defendants' infringement will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law.

## COUNT III

### Infringement of U.S. Patent No. 6,472,634

50.     Plaintiffs refer to and incorporate herein the allegations of paragraphs 1 through 49 above.

51.     Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claims 1-2, 14-17, 28, 30-38, and 41-44 of the '634 Patent ("Asserted Claims of the '634 Patent") by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products. Defendants are therefore liable for direct infringement of the '634 Patent pursuant to 35 U.S.C. § 271(a).

52.     Defendants have induced infringement, either literally or under the doctrine of equivalents, of one or more of the Asserted Claims of the '634 Patent by providing instructions, training, or otherwise inducing Defendants' customers to infringe the '634 Patent through the customers' use and operation of the Infringing Products.  Defendants are liable for inducement of infringement of the '634 Patent pursuant to 35 U.S.C. § 271(b).

53.     Defendants have contributorily infringed and continue to contributorily infringe, either literally or under the doctrine of equivalents, one or more of the Asserted Claims of the '634 Patent by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for contributory infringement of the '634 Patent pursuant to 35 U.S.C. § 271(c).

54.     Plaintiffs have suffered and continue to suffer damages as a result of Defendants' infringement of the '634 Patent.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to recover damages in an amount that is no less than a reasonable royalty from Defendants for their infringing acts.

55.     Unless Defendants are enjoined from further infringement of the '634 Patent, Defendants' infringement will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law.

## COUNT IV

### Infringement of U.S. Patent No. 6,489,592

56.     Plaintiffs refer to and incorporate herein the allegations of paragraphs 1 through 55 above.

57.     Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, claims 50-52 of the '592 Patent ("Asserted Claims of the '592 Patent") by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for direct infringement of the '592 Patent pursuant to 35 U.S.C. § 271(a).

58.     Defendants have induced infringement, either literally or under the doctrine of equivalents, of one or more of the Asserted Claims of the '592 Patent by providing instructions, training, or otherwise inducing Defendants' customers to infringe the '592 Patent through the customers' use and operation of the Infringing Products.  Defendants are liable for inducement of infringement of the '592 Patent pursuant to 35 U.S.C. § 271(b).

59.     Defendants have contributorily infringed and continue to contributorily infringe, either literally or under the doctrine of equivalents, one or more of the Asserted Claims of the '592 Patent by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for contributory infringement of the '592 Patent pursuant to 35 U.S.C. § 271(c).

60.     Plaintiffs have suffered and continue to suffer damages as a result of Defendants' infringement of the '592 Patent.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to recover damages in an amount that is no less than a reasonable royalty from Defendants for their infringing acts.

61.     Unless Defendants are enjoined from further infringement of the '592 Patent, Defendants' infringement will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law.

## COUNT V

### Infringement of U.S. Patent No. 6,660,966

62.     Plaintiffs refer to and incorporate herein the allegations of paragraphs 1 through 61 above.

63.     Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claims 1-3, 5, 7-8, 12-15, 17-20, 22-27, 37-40, 42, 44-47, 50-56, 70-81, 84-90, 94-99, 105, 107-108, and 110-111 of the '966 Patent ("Asserted Claims of the '966 Patent") by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for direct infringement of the '966 Patent pursuant to 35 U.S.C. § 271(a).

64.     Defendants have induced infringement, either literally or under the doctrine of equivalents, of one or more of the Asserted Claims of the '966 Patent by providing instructions, training, or otherwise inducing Defendants' customers to infringe the '966 Patent through the customers' use and operation of the Infringing Products.  Defendants are liable for inducement of infringement of the '966 Patent pursuant to 35 U.S.C. § 271(b).

65.     Defendants have contributorily infringed and continue to contributorily infringe, either literally or under the doctrine of equivalents, one or more of the Asserted Claims of the '966 Patent by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for contributory infringement of the '966 Patent pursuant to 35 U.S.C. § 271(c).

66.     Plaintiffs have suffered and continue to suffer damages as a result of Defendants' infringement of the '966 Patent.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to recover damages in an amount that is no less than a reasonable royalty from Defendants for their infringing acts.

67.     Unless Defendants are enjoined from further infringement of the '966 Patent, Defendants' infringement will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law.

## COUNT VI

### Infringement of U.S. Patent No. 7,053,334

68.     Plaintiffs refer to and incorporate herein the allegations of paragraphs 1 through 67 above.

69.     Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claims 5-8, 10-17, and 27-30 of the '334 Patent ("Asserted Claims of the '334 Patent") by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for direct infringement of the '334 Patent pursuant to 35 U.S.C. § 271(a).

70.     Defendants have induced infringement, either literally or under the doctrine of equivalents, of one or more of the Asserted Claims of the '334 Patent by providing instructions,

training, or otherwise inducing Defendants' customers to infringe the '334 Patent through the customers' use and operation of the Infringing Products. Defendants are liable for inducement of infringement of the '334 Patent pursuant to 35 U.S.C. § 271(b).

71. Defendants have contributorily infringed and continue to contributorily infringe, either literally or under the doctrine of equivalents, one or more of the Asserted Claims of the '334 Patent by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products. Defendants are therefore liable for contributory infringement of the '334 Patent pursuant to 35 U.S.C. § 271(c).

72. Plaintiffs have suffered and continue to suffer damages as a result of Defendants' infringement of the '334 Patent. Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to recover damages in an amount that is no less than a reasonable royalty from Defendants for their infringing acts.

73. Unless Defendants are enjoined from further infringement of the '334 Patent, Defendants' infringement will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law.

## COUNT VII

### Infringement of U.S. Patent No. 7,060,935

74. Plaintiffs refer to and incorporate herein the allegations of paragraphs 1 through 73 above.

75. Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claims 41-42 and 44-46 of the '935 Patent ("Asserted Claims of the '935 Patent") by making, using, offering to sell, selling, or importing, in this

judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for direct infringement of the '935 Patent pursuant to 35 U.S.C. § 271(a).

76.     Defendants have induced infringement, either literally or under the doctrine of equivalents, of one or more of the Asserted Claims of the '935 Patent by providing instructions, training, or otherwise inducing Defendants' customers to infringe the '935 Patent through the customers' use and operation of the Infringing Products.  Defendants are liable for inducement of infringement of the '935 Patent pursuant to 35 U.S.C. § 271(b).

77.     Defendants have contributorily infringed and continue to contributorily infringe, either literally or under the doctrine of equivalents, one or more of the Asserted Claims of the '935 Patent by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for contributory infringement of the '935 Patent pursuant to 35 U.S.C. § 271(c).

78.     Plaintiffs have suffered and continue to suffer damages as a result of Defendants' infringement of the '935 Patent.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to recover damages in an amount that is no less than a reasonable royalty from Defendants for their infringing acts.

79.     Unless Defendants are enjoined from further infringement of the '935 Patent, Defendants' infringement will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law.

## COUNT VIII

### Infringement of U.S. Patent No. 7,091,446

80.     Plaintiffs refer to and incorporate herein the allegations of paragraphs 1 through 79 above.

81.     Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claims 1, 3-10, 12, 14-15, and 17-19 of the '446 Patent ("Asserted Claims of the '446 Patent") by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for direct infringement of the '446 Patent pursuant to 35 U.S.C. § 271(a).

82.     Defendants have induced infringement, either literally or under the doctrine of equivalents, of one or more of the Asserted Claims of the '446 Patent by providing instructions, training, or otherwise inducing Defendants' customers to infringe the '446 Patent through the customers' use and operation of the Infringing Products.  Defendants are liable for inducement of infringement of the '446 Patent pursuant to 35 U.S.C. § 271(b).

83.     Defendants have contributorily infringed and continue to contributorily infringe, either literally or under the doctrine of equivalents, one or more of the Asserted Claims of the '446 Patent by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for contributory infringement of the '446 Patent pursuant to 35 U.S.C. § 271(c).

84.     Plaintiffs have suffered and continue to suffer damages as a result of Defendants' infringement of the '446 Patent.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to recover damages in an amount that is no less than a reasonable royalty from Defendants for their infringing acts.

85.     Unless Defendants are enjoined from further infringement of the '446 Patent, Defendants' infringement will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law.

## COUNT IX

<u>Infringement of U.S. Patent No. 7,148,449</u>

86.     Plaintiffs refer to and incorporate herein the allegations of paragraphs 1 through 85 above.

87.     Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claims 13-19 of the '449 Patent ("Asserted Claims of the '449 Patent") by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for direct infringement of the '449 Patent pursuant to 35 U.S.C. § 271(a).

88.     Defendants have induced infringement, either literally or under the doctrine of equivalents, of one or more of the Asserted Claims of the '449 Patent by providing instructions, training, or otherwise inducing Defendants' customers to infringe the '449 Patent through the customers' use and operation of the Infringing Products.  Defendants are liable for inducement of infringement of the '449 Patent pursuant to 35 U.S.C. § 271(b).

89.     Defendants have contributorily infringed and continue to contributorily infringe, either literally or under the doctrine of equivalents, one or more of the Asserted Claims of the '449 Patent by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for contributory infringement of the '449 Patent pursuant to 35 U.S.C. § 271(c).

90.     Plaintiffs have suffered and continue to suffer damages as a result of Defendants' infringement of the '449 Patent.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to recover damages in an amount that is no less than a reasonable royalty from Defendants for their infringing acts.

91.     Unless Defendants are enjoined from further infringement of the '449 Patent, Defendants' infringement will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law.

## COUNT X

### Infringement of U.S. Patent No. 7,282,668

92.     Plaintiffs refer to and incorporate herein the allegations of paragraphs 1 through 91 above.

93.     Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claims 1-2, 4, 6-7, and 9 of the '668 Patent ("Asserted Claims of the '668 Patent") by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for direct infringement of the '668 Patent pursuant to 35 U.S.C. § 271(a).

94.     Defendants have induced infringement, either literally or under the doctrine of equivalents, of one or more of the Asserted Claims of the '668 Patent by providing instructions, training, or otherwise inducing Defendants' customers to infringe the '668 Patent through the customers' use and operation of the Infringing Products.  Defendants are liable for inducement of infringement of the '668 Patent pursuant to 35 U.S.C. § 271(b).

95.     Defendants have contributorily infringed and continue to contributorily infringe, either literally or under the doctrine of equivalents, one or more of the Asserted Claims of the '668 Patent by making, using, offering to sell, selling, or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendants are therefore liable for contributory infringement of the '668 Patent pursuant to 35 U.S.C. § 271(c).

96.     Plaintiffs have suffered and continue to suffer damages as a result of Defendants' infringement of the '668 Patent.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to recover damages in an amount that is no less than a reasonable royalty from Defendants for their infringing acts.

97.     Unless Defendants are enjoined from further infringement of the '668 Patent, Defendants' infringement will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law.

### DEFENDANTS' WILLFULNESS

98.     Upon information and belief, Defendants have imported, distributed, offered for sale, and sold the Infringing Products and/or trained, provided instructions, or otherwise induced Defendants' customers to infringe the Patents-in-Suit with knowledge of Plaintiffs' rights in and to the Patents-in-Suit.  Defendants' infringement of the Patents-in-Suit has therefore been willful.

99.     Plaintiffs seek a trebling of any damages awarded in this suit, as provided by 35 U.S.C. § 284.

100.    Defendants' willful infringement of the Patents-in-Suit makes this an exceptional case, as provided by 35 U.S.C. § 285.  Plaintiffs therefore seek an award of their reasonable attorneys' fees and costs of suit.

### JURY DEMAND

101.    Plaintiffs hereby request a trial by jury in Marshall, Texas pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in their favor against Defendants, granting the following relief:

A.    Judgment in Plaintiffs' favor on Counts I, II, III, IV, V, VI, VII, VIII, IX and X;

B.    An award to Plaintiffs of damages adequate to compensate for Defendants' acts of patent infringement, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, pursuant to 35 U.S.C. § 284;

C.    A trebling of damages awarded to Plaintiffs in this case, due to Defendants' willful infringement of the Patents-in-Suit, pursuant to 35 U.S.C. § 284;

D.    An award to Plaintiffs of their costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285, due to the exceptional nature of this case;

E.    A grant of a permanent injunction against Defendants pursuant to 35 U.S.C. § 283 enjoining them from further acts of direct and indirect infringement, including importing, making, using, selling, offering to sell, marketing, or otherwise distributing within the United States without Plaintiffs' authorization, the Infringing Products and inducing Defendants' customers to infringe the Patents-in-Suit; and

F.    Any such other and further relief as this Court may deem just and proper.

Dated: December 15, 2015

Respectfully submitted,


/s/ *William McSpadden*
John G. Flaim (Lead Counsel)
Texas Bar No. 00785864
john.flaim@bakermckenzie.com
Jay F. Utley
Texas Bar No. 00798559
E-Mail: jay.utley@bakermckenzie.com
William McSpadden
Texas Bar No. 24002587
william.mcspadden@bakermckenzie.com
Yoon Chae
Texas Bar No. 24085159
E-Mail: yoon.chae@bakermckenzie.com
BAKER & MCKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone:  (214) 978-3000
Facsimile:  (214) 978-3099

ATTORNEYS FOR PLAINTIFFS
THE LINCOLN ELECTRIC COMPANY
and LINCOLN GLOBAL, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of December, 2015, a true and correct copy of this document was served on all parties of record via the Court's ECF filing system.


/s/ *William D. McSpadden*
William D. McSpadden