IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| THE LINCOLN ELECTRIC COMPANY ET AL., | § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Case No. 2:15-cv-1404-JRG-RSP |
| THE ESAB GROUP, INC. ET AL., | | |
| Defendants. | | |

**MEMORANDUM ORDER**

Before the Court are (1) Plaintiffs the Lincoln Electric Company and Lincoln Global, Inc.'s Motion to Compel Production of Documents (Dkt. No. 71); and (2) Plaintiffs' Motion to Compel Production of Defendants' Clawed-Back Documents (Dkt. No. 103), which came on for hearing on August 29, 2016 and October 5, 2016, respectively. For the reasons assigned below, the first motion is DENIED, and the second motion is GRANTED.

*The First Motion to Compel (Dkt. No. 71):*

This motion addresses two subjects: (1) the emails of Katja Jurss, and (2) the sufficiency of the Amended Privilege Log provided by Defendant, which formed the basis for redaction of the documents listed thereon.

First, the Court concludes that the documents of Ms. Jurss are entitled to privilege. Ms. Jurss became an attorney in Sweden in 2006 and became in-house counsel for Defendant in 2008. In 2010, the Swedish Code of Judicial Procedure was amended to create a category of attorney referred to as an "authorized patent attorney." The attorney-client privilege, ordinarily restricted to trial counsel, was extended to these authorized patent attorneys, who were required to meet certain criteria and pass an examination. Ms. Jurss became an authorized patent attorney

on January 26, 2012. It is settled law in Sweden that the privilege attaches to documents created and maintained by the attorneys to whom the privilege extends. While not settled, the Court is convinced that the better view of Swedish law is that the privilege is extended retroactively to the communications and documents involving attorneys who become authorized patent attorneys, like Ms. Jurss. (Dkt. No. 85-1, Declaration of Hakan Borgenhall). Accordingly, the Court finds that the emails of Ms. Jurss, throughout her involvement with Defendant, are privileged.

Second, the Court finds that the Amended Privilege Log produced by Defendants is sufficient under the unique circumstances of this case. On its face, the log is plainly insufficient. It fails to connect the documents listed with a particular attorney and communication. However, the process is complicated by the fact that the documents were created years ago under a foreign legal regime and in a different language. Many of the people involved in the creation of the documents are no longer employed by the Defendants. Defendants have identified a small group of attorneys as responsible for the communications. The problem is mitigated by the fact that, rather than wholesale withholding of the listed documents, the Defendants are merely redacting the information that was communicated by counsel. This allows the remaining context to serve as a means to verify the claim that attorneys were the source of the information redacted. All in all, the Court finds that the log was sufficient to serve the notice function for which such logs are intended.

*The Second Motion to Compel (Dkt. No. 103):*

The second motion deals with the legitimacy of the claim of privilege as to three specific sets of documents: (1) approximately 40 pages of source code with embedded comments, which Defendants initially produced to Plaintiffs and later "clawed back" and redacted as privileged; (2) a "risk assessment document" also produced and later clawed back; and (3) a May 2009

document created by Joakim Ed, also produced and later clawed back.  As to each of these documents, Plaintiffs have challenged Defendants' claim that the documents contain privileged communications, and further argue that any privilege has been waived by the initial disclosure and the failure to take reasonable steps to prevent and later rectify the disclosure.

As to the comments embedded in the source code, Defendants have failed to provide persuasive evidence that the comments reflect information generated by patent attorneys, authorized or otherwise.  During the October 5 hearing, Defendants' counsel argued that their best evidence to support this claim was the deposition testimony of Mr. Ljungkvist that Mr. Berg told him that Berg got some information from the attorneys, and the deposition testimony of Mr. Berg that all of his knowledge of Plaintiffs' patents came from attorneys.  (Dkt. No. 134 at pp. 23-35).  However, Berg did not testify that he wrote the comments or that the information in the comments came from attorneys.  The Court has carefully reviewed the testimony of both Berg and Ljungkvist and finds that neither comes close to establishing that the embedded comments reflect advice of authorized patent attorneys, as opposed to non-lawyer personnel.

As a secondary matter, the Court also finds that any privilege would have been waived by the manner in which the documents were handled.  The documents at issue in this motion were produced to Plaintiffs in mid-June, were relied upon by Plaintiffs in the infringement contentions exchanged in mid-July, and were further used in depositions in August.  Only after Defendants' witnesses, under questioning from Plaintiffs' counsel, raised the question of privilege did Defendants attempt to claw them back.  These are not documents that were mistakenly produced.  Counsel for Defendants made the determination that the documents were not privileged.  Once the documents have been produced to and used by opposing counsel in preparing pleadings and deposition questions over a course of months, it is too late to claw them back based on

information that was always available to counsel from their own clients' employees. The Court is also not persuaded that the Protective Order entered in this case provides any different standard than F.R.E. 502(b). Indeed, that section of the Order opens with the clause "Pursuant to Federal Rule of Evidence 502(b) and (d) … ." (Dkt. No. 65 at 11). Notwithstanding this, the primary basis of the granting of this motion is the absence of evidence to support the privilege in the first instance.

With respect to the Risk Assessment Document (EASB AB 00147178-147200), it is subject to the same analysis as the source code documents discussed above. Further, it was used during the deposition of Mr. Berg on August 4, 2016, wherein a discussion of privilege occurred (at pp. 229-232) but there was no effort to claw it back until it was used again two weeks later during the deposition of Mr. Aberg on August 18, 2016. As to both this document and the Joakim Ed document (ESAB AB 0155855), the Court finds insufficient evidence to support the claim of privilege, independent of the issue of waiver.

Accordingly, Plaintiffs the Lincoln Electric Company and Lincoln Global, Inc.'s Motion to Compel Production of Documents (Dkt. No. 71) is DENIED, and Plaintiffs' Motion to Compel Production of Defendants' Clawed-Back Documents (Dkt. No. 103) is GRANTED.

**SIGNED this 17th day of November, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE